LEONARDSON v. SCHOOL DISTRICT NO. 3 OF TROY TOWN-
SHIP.

SCHOOL DISTRICT—CONTRACT—AGENCY—RATIFICATION.

Use by a school board, in calling a special meeting, of a blank
form of notice prepared by a lawyer at the request of one
who was not a member of the board, is insufficient to show a
ratification on its part of a promise by such third person that
the board would pay a specified sum for the legal services
rendered.

Error to Newaygo; Palmer, J. Submitted October 4,
1900. Decided November 13, 1900.

*Assumpsit* by Warren D. Leonardson against school
district No. 3 of Troy township for services rendered.
From a judgment for defendant on verdict directed by
the court, plaintiff brings error. Affirmed.

*W. D. Leonardson*, in pro. per.

*A. F. Tibbitts*, for appellee.

MONTGOMERY, C. J.  The plaintiff sues to recover the
agreed compensation for procuring a loan of $800 for the
defendant school district. The statement of counsel for
the plaintiff in opening the case to the jury was that one
Bassford, a resident of the district, came to him to pro-
cure his services on behalf of the district to procure a
loan, and agreed that the compensation should be $15; that
Bassford was not a member of the school board, and that
no arrangement was made by plaintiff with the board, or
any member thereof; that he had no knowledge of Bass-
ford's authority except what Bassford himself told him;
that he prepared and handed to Mr. Bassford a draft for
a call for a special meeting, and drafted and furnished to
Bassford notices to be posted calling such meeting, and

later mailed to the director forms of entries upon the record books of the meeting thereafter to be held; that thereafter plaintiff received from the district officials proof of the posting of the notices to hold said meeting theretofore held, all of which had been prepared by the plaintiff, and were duly signed by the respective officials of the district; that the loan was not procured through plaintiff, but another person.    The circuit judge, on this statement, directed a verdict for defendant, and plaintiff brings error.

It is apparently conceded that there is nothing shown or offered to show that Bassford had any original authority to bind the district, or that the board ever took any action looking to the obtaining of a loan through the plaintiff. The plaintiff, however, contends that the facts proposed to be shown would have tended to show a ratification of the contract with Bassford as one made on behalf of the district.    It will be noticed that there was no offer to show that the director made use of the blanks sent him by mail. The only blanks which plaintiff offered to show were used were those intrusted to Bassford.    Did the use of these blanks amount to a ratification?   It does not appear that the board knew of the terms of plaintiff's alleged contract, or that he claimed to have a contract at all.    The draft of notice which the board made use of was delivered to them by Bassford, and their use of such blanks, under the circumstances, did not amount to a ratification.

Judgment affirmed.

The other Justices concurred.